697 N.W.2d 517 (2005)
472 Mich. 933
PEOPLE of the State of Michigan, Plaintiff-Appellant,
v.
Ashley Marie KUJIK, Defendant-Appellee.
Docket No. 128200. COA No. 252766.
Supreme Court of Michigan.
June 17, 2005.
On order of the Court, the application for leave to appeal the February 24, 2005 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.
MARKMAN, J., dissents and states as follows:
I respectfully dissent. Our state's perjury and witness intimidation laws are indispensable to the maintenance of the integrity of the justice system. In this case, I believe that Michigan's principal witness intimidation law has been misinterpreted by the Court of Appeals, and weakened in this process. I would reverse that decision and reinstate defendant's conviction.
Defendant, a high school student, threatened her friend after the friend was subpoenaed *518 to testify in a criminal proceeding against defendant. Defendant was charged with witness intimidation (retaliating against a witness) under MCL 750.122(8), and the jury was instructed that the statute applied regardless of whether an official proceeding had yet taken place. The jury convicted defendant. The Court of Appeals reversed, holding that the statute only applied to threats made after a witness has testified, not to threats made to prospective witnesses.
MCL 750.122(8) provides:
A person who retaliates, attempts to retaliate, or threatens to retaliate against another person for having been a witness in an official proceeding is guilty of a felony punishable by imprisonment for not more than 10 years or a fine of not more than $20,000.00, or both. As used in this subsection, "retaliate" means to do any of the following:
(a) Commit or attempt to commit a crime against any person.
(b) Threaten to kill or injure any person or threaten to cause property damage. [Emphasis added.]
The critical question is what effect should be given to the phrase, "threatens to retaliate against another person for having been a witness in an official proceeding."
The Court of Appeals majority noted that the challenged jury instruction generally complied with § 9 of the statute, which states:
This section applies regardless of whether an official proceeding actually takes place or is pending or whether the individual has been subpoenaed or otherwise ordered to appear at the official proceeding if the person knows or has reason to know the other person could be a witness at any official proceeding. [MCL 750.122(9) (emphasis added).]
However, the Court determined that § 9 did not apply to § 8, because a person who "could be" a witness is not a person "having been" a witness. In determining that § 8 only applied to threats made after a witness has testified, the majority noted that prospective witnesses are covered by § 3 of the statute, which states:
A person shall not do any of the following by threat or intimidation:
(a) Discourage or attempt to discourage any individual from attending a present or future official proceeding as a witness, testifying at a present or future official proceeding, or giving information at a present or future official proceeding.
(b) Influence or attempt to influence testimony at a present or future official proceeding.
(c) Encourage or attempt to encourage any individual to avoid legal process, to withhold testimony, or to testify falsely in a present or future official proceeding. [MCL 750.122(3) (emphasis added).]
The Court concluded that, because § 3 contained the "present or future" language, while § 8 omitted such language, the latter omission must be intentional. Further, the majority found that applying § 8 to threats made against prospective witnesses would nullify much of § 3. Instead, the majority decided that limiting § 8 to threats made after the witness has testified was in keeping with the plain language of the provisions.
The dissent, meanwhile, argued that §§ 8 and 9 were not incompatible, because the phrase "threatens to retaliate against another person for having been a witness in an official proceeding"
can refer to the witness' status not at the time the threat is communicated, but at the future time when the threat will be carried out. The statute penalizes *519 threats against a person "for having been a witness in an official proceeding," and this language encompasses a situation in which future harm is threatened against a person in anticipation of that person testifying in an official proceeding. [Dissent at 518.]
Consequently, the dissent concluded that §§ 8 and 9 could be harmonized.
While both interpretations are plausible, I believe the dissent has the better argument. Reliance by the Court of Appeals on an apparent conflict between §§ 3 and 8 was inapt, given the express mandate of § 9 that MCL 750.122 as a whole "applies regardless of whether ... the individual has been subpoenaed or otherwise ordered to appear at the official proceeding if the person knows or has reason to know the other person could be a witness at any official proceeding." Before considering whether a conflict might be implied by the interplay of §§ 3 and 8, the Court should first have looked at § 9, which makes clear that MCL 750.122 as a whole applies to prospective witnesses.
The inclusion in § 8 of threats to retaliate, in addition to retaliation and attempted retaliation, clearly contemplates the act of threatening to retaliate against a person for being a witness in the future, after the witness has testified in an official proceeding.[1] The language chosen by the Legislature includes the situation in which future harm is threatened against a person in anticipation of that person testifying in an official proceeding.
Contrary to the findings of the Court of Appeals majority, this reading does not nullify § 3, because that provision speaks only to "threat or intimidation," while § 8 refers specifically to retaliation done by means of crime or attempted crime against a person, or threats of death, injury, or property damage. While at first glance one might reasonably associate "threat or intimidation" with "crime," this is not necessarily the case. For this logic to hold, one would have to accept that the types of harm described in § 8 describe the entire universe of actions that qualify as a "threat or intimidation" under § 3. This is simply not the case.
Imagine, for instance, the at-will employer who vows to discharge an employee if the employee testifies. This would clearly be a "threat," but not a crime. Or, imagine a situation where, as here, the parties are high school students; the threat "I'll make your life miserable at school" may be intimidating, but it is not a threat to injure a person or to damage property. My point is simply that conduct prohibited by § 3 will not necessarily be prohibited by § 8; therefore, the Court of Appeals majority erred in concluding that the application of § 8 to threats made against prospective witnesses would "nullify" § 3.
Because I believe that the Court of Appeals majority has misinterpreted the witness intimidation law of our state, I would reverse its decision.
NOTES
[1] Also, as a matter of logic, what sense would it make for a defendant to threaten harm in retaliation against someone who has already testified? Such a defendant would simply just commit the harm. In other words, a threat is typically a conditional proposition: "If you do X, then I will be forced to retaliate by doing Y." Once the person threatened has actually done X, the condition is satisfied, and the threat is, in a sense, executory. As such, it would make no sense for a defendant to threaten to harm a witness who has already testified; the defendant would simply proceed with the harm.